UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NANCY TAMONDONG,

    Plaintiff,

    v.

MORTGAGEIT, INC., et al.,

    Defendants.

Case No. 16-cv-03722-RS

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Plaintiff Nancy Tamondong seeks an order restraining defendants from proceeding with a trustee's sale of her primary residence. The sale is presently set for July 7, 2016. A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Thus, as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 21-22. The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides

that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135.

Here, Tamondong's claims are brought under legal theories that have ordinarily been rejected in the past. *See*, *Vasquez v. U.S. Bank, N.A*., 2015 WL 5158538, at *3-6 (N.D. Cal. Sept. 2, 2015) (collecting cases). As *Vasquez* explains, "[b]orrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process" but "[s]uch challenges are almost universally dismissed." *Id*. at *3. A major underpinning in many of the decisions rejecting such claims, however, was a conclusion that borrowers "lack standing to rely on defects in the securitization process in order to challenge a foreclosing entity's authority to foreclose." *Id.* The continued viability of that conclusion, however, has been called into question by the California Supreme Court's decision in *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016).

On its face, the holding in *Yvanova* is limited to post-foreclosure claims. There is at least an argument, however, that its reasoning is equally applicable to pre-foreclosure claims. *See Lundy v. Selene Fin., LP, No.,* 2016 WL 1059423, at *10 (N.D. Cal. Mar. 17, 2016) (predicting that California Supreme Court will extend *Yvanova* to the pre-foreclosure context).

Even assuming claims challenging alleged securitization defects may no longer be routinely rejected for lack of standing, borrowers will not automatically be entitled to relief merely be alleging that their loans were "securitized," of course. Under all the circumstances here, though, including the *de minimis* harm to defendants that will arise from a brief postponement of the foreclosure sale, there is adequate cause to grant a temporary restraining order, without bond, and set a hearing on preliminary injunction, to permit full briefing and due consideration of the claims and defenses.

Accordingly, it is hereby ordered:

1. Defendants are enjoined from proceeding with the trustee's sale of the real property commonly known as 2911 Sorrento Way, Union City, CA 94587, pending further order of court.

2. Plaintiff shall cause a copy of this order to be served on defendants forthwith, by the speediest practicable means.

3. Within 7 days of receipt of this order, defendants shall file any opposition to issuance of a preliminary injunction that would enjoin the trustee's sale during the pendency of this action.

4. Within 3 days of filing of any such opposition, plaintiff may file a reply. The matter will then be taken under submission without oral argument, or set for hearing, in the Court's discretion.

5. The parties may meet and confer to negotiate a less compressed briefing schedule, provided defendants agree to continue the foreclosure sale to a date at least two weeks beyond the time the reply brief is due.

**IT IS SO ORDERED**.

Dated: July 5, 2016

_____
RICHARD SEEBORG
United States District Judge