UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY TAMONDONG,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MORTGAGEIT, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 16-cv-03722-RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND** |

　　　　In this action, plaintiff Nancy Tamondong challenges defendants' right to proceed with a non-judicial foreclosure sale of her primary residence. Tamondong's application for a preliminary injunction was denied. As noted in the order denying preliminary relief, Tamondong's claims are brought under legal theories that routinely have been rejected. *See*, *Vasquez v. U.S. Bank, N.A.*, 2015 WL 5158538, at *3-6 (N.D. Cal. Sept. 2, 2015) (collecting cases). The *Vasquez* court explained, "[b]orrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process" but "[s]uch challenges are almost universally dismissed." *Id*. at *3.

　　　　Defendants now seek dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for October 28, 2016 is hereby vacated.

　　　　The motion to dismiss presents two issues. First, the parties are in agreement that Tamondong lacks standing to challenge defendants' right to foreclose unless the allegations of the

complaint and matters subject to judicial notice present a factual question that one or more of the assignments of the deed of trust in dispute were *void*, as opposed to merely voidable. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 939-40 (2016) (holding that in the pre-foreclosure context a borrower has standing to challenge void assignments, but distinguishing circumstances involving voidable assignments). Tamondong's argument, however, is only that because defendant MERS purportedly assigned the deed of trust in 2011 following its prior assignment of the deed of trust in 2008 to a different entity, there is now a legal and/or factual question as to which of the assignments might be void, and whether, as a result, defendants have the legal right to pursue foreclosure.

As defendants point out, however, a party cannot effectively assign that which it no longer owns. Accordingly, the fact that defendant MERS recorded an assignment in 2011 through apparent error is not sufficient to show a factual or legal issue that any relevant assignment of the deed of trust was void.

Second, defendants assert Tamondong's claim under the Truth in Lending Act is barred by the one-year statute of limitations applicable to such claims. Tamondong contends the limitations period should be deemed to have been equitably tolled between March of 2007 (when the loan transaction closed) and July of this year (when the complaint was filed). Tamondong's only argument in effect, however, is that the limitations period on her claim for defendants' alleged failure to provide proper disclosures at the time the loan closed should be tolled because disclosures were not provided thereafter. That is not a sufficient basis for equitable tolling. *See Garcia v. Wachovia Mortg. Corp.*, 676 F.Supp.2d 895, 906 (C.D. Cal. 2009) (the "mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations" . . . a "contrary rule would render the one-year statute of limitations meaningless, as it would be tolled whenever there were improper disclosures.")

Accordingly, the motion to dismiss must be granted.[1] Although it is not clear that any of

---

[1] Defendants' additional arguments for dismissal need not be reached, but may present further reasons that this case cannot go forward.

the complaint's defects could be cured through amendment, Tamondong may file an amended complaint within 20 days of the date of this order, in the event she has a good faith basis to allege additional facts addressing the issues identified herein.

**IT IS SO ORDERED**.

Dated:  October 21, 2016

RICHARD SEEBORG
United States District Judge

CASE NO. 16-cv-03722-RS

3